IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. ERIKA PEREZ-LESLIE | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE & DAVIDSON COUNTY | ) | |
| d/b/a METROPOLITAN NASHVILLE | ) | |
| PUBLIC HEALTH DEPARTMENT | ) | JURY DEMAND |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

This case is about discrimination and retaliation against Dr. Erika Perez-Leslie ("Plaintiff" or "Dr. Leslie") by Metropolitan Government of Nashville & Davidson County d/b/a Metropolitan Nashville Public Health Department ("Defendant" or "MNPHD"). Defendant's illegal misconduct violated the rights of Dr. Leslie under the Family Medical Leave Act ("FMLA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 (e) ("Title VII"). MNPHD recklessly and maliciously caused Dr. Leslie to suffer significant personal, professional, economic, and emotional harms. As a result, Plaintiff alleges the following as her Complaint

### **PARTIES**

1. Plaintiff is a citizen and resident of Davidson County, Tennessee. She is a former employee of Defendant Metropolitan Nashville Public Health Department.

2. Defendant Metropolitan Government of Nashville & Davidson County is a government entity who maintains a public health department (MNPHD) and legal department, who receive state

and federal funds for operations. Defendant may be served through Metropolitan Nashville & Davidson County Department of Law at 1 Public Sq. Ste. 204 Nashville, TN 37201.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. §1391. All facts giving rise to this case happened within the jurisdiction of this Court.

5. This is an action for all available economic damages, compensatory damages, punitive damages, declaratory relief, equitable relief, and injunctive relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 (e) ("Title VII") and the Family Medical Leave Act ("FMLA"). Plaintiff has received her Notice of Suit Rights from the EEOC and files this lawsuit timely.

## FACTS

6. Dr. Leslie was hired by MNPHD on or about December 6, 2021 to work in the Disparities Grant Department.

7. In or about early 2023, Dr. Leslie transitioned from the Disparities Grant to the Public Health Infrastructure Grant ("PHI Grant") as a Health Manager 3, Public Health Infrastructure Grants Director.

8. The PHI Grant consists of $10.57 million dollars in funding from the Centers for Disease Control ("CDC") to implement workforce strategies to build organizational resilience, promote employee well-being, and enhance workforce performance while focusing on building healthier communities.

9. Throughout her employment, Dr. Leslie consistently received high performance scores and evaluations. Dr. Leslie was never reprimanded and did not receive any negative feedback from her supervisors, or the leadership within MNPHD.

10. In or about May 2023, MNPHD hired Nicholas Tompkins as the Director of Workforce Development at MPHD.

11. The Director of Workforce Development role is lateral to that of Dr. Leslie's Grant Director role. Mr. Tompkins exercised no control or authority over Dr. Leslie's work product and/ or performance.

12. Mr. Tompkins is a Caucasian (White) male.

13. Dr. Leslie is a Black woman of Jamaican Descent.

14. Early in Mr. Tompkins tenure, he began acting aggressively towards Dr. Leslie and treated her disrespectfully in comparison to her Caucasian male counterparts. Mr. Tompkins would repeatedly demean Dr. Leslie's grant related decisions, work product, and call into question her ability to perform in her role.

15. During the months of June and July 2023, Dr. Leslie attempted to resolve these mistreatment issues with Mr. Tompkins directly and informed him that she felt his attitude and actions towards her held roots in misogynistic and racially hostile motives. Dr. Leslie further demanded that his future treatment of her align with the treatment he gave to their non-minority male counterparts.

16. Mr. Tompkins did not adhere to Dr. Leslie's demand and instead heightened his aggressive and antagonistic behavior towards her – including in face-to-face and email communications.

17. On or about July 7, 2023, Dr. Leslie began taking intermittent leave under the Family Medical Leave Act.

18. During this intermittent leave period, Mr. Tompkins continued his hostile treatment of Dr. Leslie.

19. On August 9, 2023, Dr. Leslie informed Dr. Melva Black, Deputy Direct of MNPHD, of her belief that Mr. Tompkins was harassing and targeting her based upon race, national origin and sex. Dr. Black assured Plaintiff that she would speak to Mr. Tompkins regarding her concerns of discriminating and targeting behavior.

20. Between August 9 – 12, 2023, Dr. Leslie did not receive any further feedback from Dr. Black or other Human Resources representatives within MNPHD regarding her complaint.

21. On or about August 13, 2023, Dr. Leslie contacted MNPHD's Director of Human Resources, Wyntress Patterson, to provide the details of her complaint given to Dr. Black regarding Mr. Tompkins' discriminating and targeting treatment.

22. Ms. Patterson responded that she was not aware of the issues between Plaintiff and Mr. Tompkins from Dr. Black but assured Plaintiff that MNPHD took these types of allegations very seriously and would look into the matter. Ms. Patterson further encouraged Dr. Leslie to submit an internal employee complaint within Defendant's online complaint portal if she was able while away on FMLA leave but did not indicate that Plaintiff's complaint would not be investigated without same.

23. On or about August 14, 2023, Dr. Leslie began taking continuous leave under the Family Medical Leave Act.

24. Dr. Leslie's scheduled return to work date from continuous FMLA leave was set for October 12, 2023.

25. Between August 14, 2023 – October 5, 2023, Dr. Leslie had not heard or received any further communications regarding her complaint and subsequent investigation from any agent of MNPHD.

26. No agent of Defendant conducted any investigation into her race, national origin and sex-based complaints -- made to both Dr. Black and Ms. Patterson on August 9, 2023 and August 13, 2023.

27. On October 5, 2023, while on continuous FMLA leave, Dr. Leslie was fired by MNPHD.

28. MNPHD declared it would be ending Dr. Leslie's employment "based upon the needs of the department." Despite averring that Dr. Leslie's termination was not based on job performance, rather was entirely based on the needs of the department; representations made by MNPHD demonstrate retaliatory animus as a motivation for the termination.

29. No other reasons for the termination were told to Plaintiff other than those identified in the preceding paragraph. Any reasons asserted by Defendant for the abrupt termination are false and pretext for unlawful animus.

30. Dr. Leslie never received formal or informal discipline for grant management errors.

31. Dr. Leslie was never issued discipline regarding any allegations of poor performance, including misrepresentation of the grants' workplans and budgets and unallowable grant spending.

32. Upon information and belief, Dr. Leslie's former job functions have been performed post-termination by an individual not a member of her protected class(es).

33. Defendant's claimed reason for ending Plaintiff's employment is a pretext for discrimination and unlawful retaliation.

34. Defendant's actions were willful, malicious, and demonstrated reckless indifference to Plaintiff's right to work in an environment free from discrimination and retaliation.

35. Defendant's conduct caused Plaintiff to suffer substantial losses of income and other privileges of employment; caused Plaintiff to suffer inconvenience, embarrassment, humiliation, emotional distress, mental anguish, stress, anxiety, and damage to her reputation, and loss of enjoyment of life. Additionally, Dr. Leslie has incurred attorney's fees, costs, and related litigation expenses to her personal detriment.

## CAUSES OF ACTION

### Race and Sex-Based Discrimination and Retaliation in Violation of Title VII

36. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

37. Based on the conduct described in this Complaint, Plaintiff complained to Defendant and its agents on multiple occasions about unlawful discrimination, hostile work environment, and retaliation in violation of the aforementioned federal and state laws

38. In response to the protected acts, Defendant and its agents responded with increased hostilities, harassment, and ultimately terminated Plaintiff based on his performance of said acts.

39. The treatment and termination of Plaintiff was less favorable workplace treatment than that afforded to her white peers and created a hostile work environment.

40. Defendant's conduct has harmed and caused damage to Dr. Leslie in a variety of ways.

### FMLA Interference and Retaliation

41. Plaintiff incorporates by reference all preceding Paragraphs as if fully set for in full herein.

42. Defendant is an employer covered by the FMLA.

43. Plaintiff suffers from serious health conditions that necessitated her utilization of benefits and entitlements under the FMLA.

44. Prior to Plaintiff's termination, Plaintiff notified Defendant and its agents of her intent to exercise leave pursuant to the FMLA. Plaintiff subsequently submitted applications for such leave.

45. Plaintiff was eligible for medical leave under the FMLA.

46. Defendant interfered with Plaintiff's FMLA rights.

47. In response to Plaintiff's exercising entitled rights afforded by the FMLA, Defendant fired Plaintiff on false and pretextual grounds.

48. Defendant's conduct has harmed and caused damage to Dr. Leslie.

## **Relief Requested**

Dr. Leslie respectfully requests:

1. That process issue and be served upon Defendant, and that it be directed to answer this Complaint within the time period prescribed by the law;

2. That this case be set for trial and that a jury be empaneled to decide the merits and damages;

3. Monetary award of damages for back pay, front pay, and all other available economic relief under the aforementioned federal and state laws.

4. That Dr. Leslie be awarded judgment and compensatory damages exceeding $1,000,000.00 for emotional distress, pain and suffering, inconvenience, embarrassment, humiliation, mental anguish and stress, and outrage;

5. That Dr. Leslie be awarded punitive damages exceeding $500,000.00 or an amount to be determined at trial.

6. That Dr. Leslie be awarded attorneys' fees and expenses;

7. That Dr. Leslie be awarded pre-judgment interest;

8. That all costs be taxed against Defendants; and

9. That Dr. Leslie be awarded all legal or equitable relief to which he may be entitled.

Respectfully Submitted,

/s Brian C. Winfrey
Brian Winfrey, TN Bar No. 02576
THE WINFREY FIRM
613 Woodland St.
Nashville, Tennessee 3726
(615) 601-1276
brian@thewinfreyfirm.com